Eastern District of Kentucky
**FILED**
NOV 25 2015
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:15-cr-48-KKC-REW-2 |
| Plaintiff, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| SABRINA R. SPILLMAN, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Sabrina Spillman's motion to continue her trial now scheduled for December 7, 2015. (DE 40). As grounds for her motion, Spillman states that a continuance: (1) is necessary to decide whether to accept the Government's proposed plea agreement; (2) is necessary to give the defendant time to "investigate further before she can make that determination;" and, (3) is agreed to by the Assistant United States Attorney (AUSA). The Court finds that the offered grounds are insufficient to establish that the ends of justice would be served by granting the continuance. 18 U.S.C. § 3161(h)(7)(A). Failure to grant a continuance can work a miscarriage of justice if it forces a Defendant to forgo plea negotiations, and eliminates the possibility of receiving a reduced charge. 18 U.S.C. § 3161(h)(7)(B)(i). However, simply invoking the desire to continue plea negotiations is not enough to overcome the mandate of the Speedy Trial Act. A defendant must provide some basis that demonstrates how the ends of justice would actually be served by granting the continuance, i.e., the plea negotiations will be more likely to result in an actual plea *because* the parties had more *time*.

In support of her motion, Defendant states only that she needs more time to further investigate and obtain necessary information. She does not, however, provide any information as to the kind of information she seeks or how it will impact her decision on whether to enter a plea of guilty or proceed to trial.

Moreover, the circumstances of this case do not suggest any basis for Spillman's request. She was indicted in early June and according to the Court's pre-trial discovery order, discovery should have been provided within ten (10) days of arraignment. Thus, Defendant should have received all relevant discovery no later than June 28, 2015. (DE 11.) This Court denied Spillman's suppression motion after considering the parties' memoranda, both of which contained details about the case from which Spillman could evaluate her case. (DE 38) Thus, Spillman's motion leaves this Court to speculate as to what additional information might show or how additional time would aid the process.

In short, this Court has not been provided with a basis on which to find that a continuance is warranted in this case. The ends of justice potentially advanced by a continuance must be balanced against the public's interest in the speedy trial of a Defendant. *See Zedner v. United States*, 547 U.S. 489, 501 (2006). With such a scarcity of support for a continuance, the public's interest is decisive.

Accordingly, **IT IS ORDERED** as follows:

1. Defendant's motion to continue (DE 40) is **DENIED**;
2. The Defendant's deadline to file a motion for re-arraignment is **SET ASIDE**.

**November 15, 2015**

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY